COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      In the Matter of B.M.

Appellate case number:    01-18-00898-CV

Trial court case number:  18-CJV-021629

Trial court:              County Court at Law No. 2 of Fort Bend County

Appellant, B.M., has filed a notice of appeal of the trial court's "Waiver of Jurisdiction and Order of Transfer to a Criminal District Court Pursuant to Texas Family Code Section 54.02(a)." *See* TEX. FAM. CODE ANN. §§ 54.02, 56.01(c)(1)(A). The juvenile court determined that appellant is indigent and initially appointed Brian M. Middleton to represent appellant on appeal. *See id.* § 56.01(d)(2), (3). Subsequently, Middleton was elected Fort Bend County District Attorney with a term of office that began on January 1, 2019.

On January 24, 2019, we abated the appeal and remanded the case to the juvenile court to determine the "Motion for Disqualification and Appointment of Attorney Pro Tem" that Brian M. Middleton filed in this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 2.07. And, we directed the trial court clerk to file a supplemental clerk's record containing the juvenile court's findings of fact and conclusions of law, and orders regarding the motion no later than February 7, 2019. A supplemental clerk's record that complies with our January 24, 2019 order has not been filed.[1]

Accordingly, the trial court is directed to **immediately** conduct a hearing at which counsel for appellant and counsel for the State shall be present to determine whether Brian M. Middleton, as Fort Bend County District Attorney, and his Assistant District

---

[1] On January 24, 2019, the trial court clerk filed a supplemental clerk's record that includes a signed docket sheet notation stating that Cary Faden had been appointed "to replace Brian Middleton" to represent appellant on appeal. The supplemental clerk's record does not reflect that the trial court has determined whether Brian M. Middleton, as Fort Bend County District Attorney, is disqualified from participating in this proceeding and whether an "Attorney Pro Tem" should be appointed.

1

Attorneys are disqualified from participating in this case and whether a District Attorney Pro Tem should be appointed. The trial court shall see that a record of the hearing is made and make any findings of fact and conclusions of law required by article 2.07 of the Texas Code of Criminal Procedure. Brian M. Middleton or his Assistant District Attorneys shall take any necessary steps to ensure that a hearing is scheduled in order for the juvenile court, trial court clerk, and court reporter to comply with this order.

The trial court clerk shall file a supplemental clerk's record containing the juvenile court's findings of fact and conclusions of law, and orders. The court reporter shall file a reporter's record of the hearing. **The supplemental clerk's record and reporter's record shall be filed with the Clerk of this Court no later than 7 days from the date of this order**.[2]

The appeal remains abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

Judge's signature: /s/ Julie Countiss
               ☑ Acting individually     ☐ Acting for the Court

Date: __February 8, 2019____

---

[2] This Court is required to bring the appeal to final disposition no later than April 1, 2019, so far as reasonably possible. *See* Order Accelerating Juvenile Certification Appeals and Requiring Juvenile Courts to Give Notice of the Right to an Immediate Appeal, Misc. Docket 15-9156 (Tex. Aug. 28, 2015).